PER CURIAM.
Rodney Wayne Thomas appeals the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Thomas was convicted after a jury trial of aggravated battery and now alleges that his counsel was ineffective in several respects. Because we find two of Thomas’ claims facially sufficient and not refuted by the record, we reverse and remand for an evidentiary hearing.
Thomas first alleges that counsel was ineffective in not questioning the victim about a prior incident in which she allegedly shot Thomas. Thomas alleges that he acted in self-defense in stabbing the victim and only did so after she had stabbed him. Under these circumstances, evidence of the victim’s prior shooting of Thomas would have clearly been admissible to show that he had reason to fear the victim. See State v. Smith, 573 So.2d 306 (Fla.1990). The trial court denied this *158 claim, stating simply that Thomas failed to show how he was prejudiced by this omission. We disagree. In a case involving self-defense, failure to question the victim about prior acts of violence against the defendant would be prejudicial.
Thomas next alleges that counsel erred in not trying to obtain photographs taken by the police of the injuries inflicted on him by the victim during the fight in which he stabbed the victim. If Thomas’ allegations are true, such evidence would have corroborated his self-defense claim. The trial court interpreted Thomas’ claim as referring to photographs of injuries inflicted upon him by the victim at some time prior to the incident in which the stabbing occurred and denied the claim, finding that Thomas had not shown prejudice. We do not read Thomas’ motion this way, and the trial court did not attach any record documents to support its conclusion. Moreover, we cannot say that, even if Thomas was referring to photographs of an earlier injury inflicted by the victim, he was not prejudiced by counsel’s failure to present them to the jury. See, e.g., Smith, 573 So.2d at 318 (holding that corroborative evidence of prior specific acts of violence by victim may be admissible in self-defense case where the defendant knew of the act).
Therefore, we reverse and remand for an evidentiary hearing on these two claims. We affirm the trial court’s order in all other respects.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and GREEN and DAVIS, JJ., Concur.